That brings us to the fifth case of the day, Appeal No. 252441, International Star Registry of Illinois, Ltd. v. Dan Dee International, LLC Good morning, Your Honors. May it please the Court, Sean Dutton on behalf of Appellant Dan Dee. At the risk of belaboring the point we made in our brief, this is really about one letter in a generic website. Mr. Dutton, are the parties done with the District Court? Here, yes. Is there anything else you need from the District Court? I don't think so, because I think this Court's answer is to reverse and say that there was no reason to enforce this. We gave them adequate cover, and we can just reverse. There is the follow-along litigation that we mentioned. There's a separate lawsuit, which is part of the reason that this is so important to us. I understand. I'm aware that I'm standing before you arguing about a $6,500 judgment. The real effect is the side effect. There's this ancillary problem where they're treating the wish-upon-a-star gift to wish-upon-a-star-gifts distinction as complete forfeiture and essentially trying to litigate again the exact same claims that we released here. I'm just trying to understand what the final judgment is that you're appealing. The final judgment is the text-only order from the District Court enforcing the settlement agreement by claiming that we breached it. And I'm going to ask this to Mr. Hurst, I think is right. Yes. If we disagree with you and if we think the District Court got it right, would the parties have to go back to the District Court, or is the District Court done? No, I believe it's done. That would be the final order. This is essentially like a post-judgment decision by the court enforcing. We're up here on appeal on what we believe is a legal issue. We think it's relatively clear that the judge did not go through the factors, and if he had, could not have concluded that this was a material breach. But no, I don't think there's anything for the trial court. Now, that said, there is a scenario in which this court could say, looking at what the magistrate judge did and what the District Court judge did, they didn't do any of this analysis that they have to do under Illinois law. I suppose your honors could say, yeah, we agree the judge didn't do that. We could remand for that. We're not asking for that. ISR specifically did not argue this point. They never made a material breach argument as required under Illinois law. But I understand that your honors could do that. That would be one scenario. We think, though, that because it's a clear legal issue and that the evidence as presented establishes all of the factors in our favor, that there's no reason to do that. That you can just reverse and say, this was not a material breach. There's nothing to, you know, the court shouldn't have done that. We reversed that order. They can accept the wish upon a star gifts. They can accept the, you know, extra money we gave them to fix the hang tags and things like that, and that's it. You think that our review is de novo, or is it for clear error? It is de novo. So the material breach analysis is implicit in contract analysis under Illinois law. An interpretation of a contract is de novo. I understand, but the finding of the district court that the circumstances constituted a material breach, is that under de novo or is that under clear error analysis? Well, so the issue is whether there was a material breach, which is a legal issue, which is de novo. Even if there's an abuse of discretion or clear error review, a mistake of law, meaning not analyzing the issue whatsoever, is itself clear error or abuse of discretion. So either way, you kind of get back to de novo. It's just whether it's direct under contract interpretation, as we're saying, or slightly circuitously through whether or not the district court properly analyzed it, and then whether the error was an error of law. So I think either way, it gets down to de novo, and then we get to what the agreement said, what we gave, and whether that's material. Can you go back to your earlier point that the reason you're standing here is not because of $6,500 judgment. It's a side effect, and is that side effect related to your other pending action in front of Judge Alonzo? Can you follow that thread? Yeah, so obviously the $6,500 is a judgment against us. We agree that we'd like that reversed. We don't think that was proper either. But what happened here is if you look at the settlement agreement, they got a whole bunch of things. They got the right title and interest to the domain, website, content, URL, and associated QR code, the trademarks reflected in the license agreement, blah, blah, blah, blah. They got all artwork, art files, promotional materials, and designs for the packaging. All we got out of the settlement was a payment of $140,000 to them, which hypothetically was less than they were claiming. Now, that's a little bit illusory. I mean, I don't know that they would have been able to prove all of the millions or hundreds of thousands of dollars they were claiming in that lawsuit. But we got it settled for that amount, and we got to not have to litigate these claims. That was the benefit we got from this bargain. Because of the way they're treating this breach, this minor wish upon a star gift versus wishuponastargifts.com, the way they're treating it is that this is a material breach of the settlement. They get to keep the $140,000. They get to keep the trademark. They get to keep all of the artwork, and they get to sue us again for the same claims. That's that separate action in front of Judge Alonzo you're referring to? Yes, Your Honor. Yes. And so how would a decision here resolve the fact that you're in front of Judge Alonzo? So the case before Judge Alonzo is presently stayed. Now, they filed a motion to lift the stay in that case, which to us goes back to the fact of this is just sort of hardball litigation, I think, from opposing counsel. But it stayed because the court realizes that if this court says that this was not a material breach, at least all of the claims in that case—not all of them. They have a couple that follow on after the settlement. But all of the claims from before are going to be released. And so we can dismiss that. So what's your subject matter jurisdiction here? I mean, it almost sounds like you're saying, well, there's ancillary jurisdiction for this settlement agreement, but it's really ancillary for another case. Well, no, because this is still a judgment in order of the district court that we appealed here directly. It's a motion to enforce a settlement. What's the jurisdiction? So that's the final order in this case. There's nothing pending in the district court. I understand that's the final order. What's the subject matter jurisdiction? Appeal from a judgment of the district court. That's appellate jurisdiction. Yes. What's your subject matter jurisdiction here to challenge a settlement agreement? So the district court has jurisdictional authority to enforce settlements before it. And it entered an order that was adverse to us. So we were before it in the enforcement of a settlement in proceedings in the court. Now, the original jurisdiction was their claims. We removed it. So you're arguing ancillary jurisdiction, essentially. Yes. But it sounds to me like you're saying this is ancillary to a different case. Well, no. The effects of the judgment below, the practical effects, understanding through the rubloff factors, right, what are we forfeiting is proved by the other case. So the judgment here is what needs to be reversed, but the effects, the proof that we have forfeited everything we bargained is shown by that other case. That's not what this appeal would reverse. There would be secondary effects, but because of any judgment of a court. So I don't think that this is ancillary to an ancillary claim or an ancillary case. It's just that the secondary case to add on is what we're showing as proof that they're essentially treating this as us forfeiting the entire benefit of the bargain we had from the settlement agreement. Mr. Dunn, the magistrate judge, was the magistrate involved in the settlement negotiations? Yes. And so you have a magistrate judge who was intimately involved with the settlement negotiations, and then the magistrate judge finds that this was a material term. Doesn't that have some relevance? Well, so, I mean, she was there talking to the parties. She knew what was going on. She knew the deals that were made. And then the question before her is, is this something the parties really cared about? And she said yes. So whether it's something the parties care about isn't the legal standard? Because you could imagine any scenario. No, no, she found that it was material to the parties. Like, without this provision, the parties would not have entered into the agreement. I mean, that's at a minimum definition of materiality. And she said, yes, it was. Why isn't that enough? I'm not even sure the magistrate judge actually made that conclusion in that form the way you said. And I understand, right, that there is the definition of materiality, whether it's so substantial and fundamental as to defeat the object of the agreement. I'll just say this. WishUponAStarGifts.com was part of the agreement by matter of happenstance because that's what we thought we had. If that had been WishUponAStarGifts.com in the first place, the exact agreement would happen. How do you know that? Because the trademark is the core of the agreement. If you look through the whole thing, the trademark and the promotional materials, none of that is WishUponAStarGifts.com. It's WishUponAStar. This website is just – it's a shelf that allows them to put products on, essentially. Isn't that a factual issue? Well, no, because there's no – this isn't like a land dispute where it's unique, right? So Booking.com, they make the car versus cars.com, apple versus apples.com. But the way we look at that through the Booking.com case is – What I'm saying factual issue is that the other side is saying it was important to them that the URL, that particular URL that was agreed to by the parties, your side is saying, no, no, it wasn't important. And so that, to me, sounds like a factual issue. The advantage we have is that the Illinois courts have assessed how you determine whether this is material, and it's the Rubleff factors. And so it doesn't allow a party to come back and – because if that was the standard, then any party could say that anything was material because this is important to us. And they do all the time in these contract actions. Exactly right. And that's why the factors here are so important, right, and why we prevail on all five of them. Was Judge Valderrama granting the motion to enforce the same as ordering specific performance? So he ordered both a sum payment and then ordering specific performance as much as possible is what he did. He didn't order any specific performance. Well, he said to try to enforce it as best as possible. I believe it was from the text-only order there. And at that point, the court and both parties knew Dandy couldn't come up with his website. Exactly. But did the court err by not making findings or assessing possibility? Possibility of? Or rather here, the impossibility of Dandy supplying this website. So the court's ordering, granting the motion to enforce, which would seem to me to be saying, you need to turn over the correct website. But at that point, Dandy's told ISR, we don't have the website. Did the court err by not assessing the situation of impossibility, inability to perform? I believe so. And I think the way to look at that on appeal is through factor two of Rublev, right, which is whether they can be adequately compensated for whatever loss portion. We couldn't get them that website. We gave them an almost identical website plus more money than they would need to fix any hang tag. That's the exact benefit of the bargain they wanted. And you're right. There was no way for us to get the website to them. It was being, I believe, squatted on by a third party. But the court didn't really make any findings about any of this. I mean, it would just have to take your word for it at this point, Dandy's word for it. But there was no. Word for which aspect? That they couldn't supply the website. Oh. We have a letter to them. They've agreed that we haven't given it to them. I mean, I think that this is in the record, unlike some other factors. We have a letter to them saying this is what we have. We have the e-mails. We don't have it. I think that those are facts in the record more so than a lot of other stuff in this case. I understand it's a very terse record compared to what you're probably used to. But I think that factor, the fact that we just didn't have it, is at least supported by record facts. Is it error for a district court to grant a motion to enforce when one party is saying there's no way we can comply with the settlement agreement? So, yes. Some possibility, right? I think that's sort of you're getting back to that point, which is if it's impossible for us to comply, you're essentially giving us an order we can't comply with. I think so. If so, what's the next step? I think the next step is to understand whether we can cure, which we did here. So the court should have gone through all of that too? Which is the rubloff factors, yes. Again, which is whether they can be adequately compensated for this, and we did, which essentially fixes the problem. Because, again, the ultimate result of this, and I understand my time is out, so I'll close here unless there's other questions. There may be other questions. You better stick around so you can check. Absolutely, yes. The ultimate result here, again, is that we've gotten nothing from the settlement agreement because of this. They're attempting to relitigate the core aspect we got from the settlement, which is that these claims are released. They're treating that as completely legally inoperative while keeping $140,000, while keeping the trademark, while keeping the IP, while keeping all of the artwork, and we're left here sort of holding the bag. And that's our take. Despite the fact that if you go through the rubloff factors, the benefit they received is literally the entire agreement along with a website that is, for all intents and purposes, commercially identical. Neither website was active before where the consumers were going to this one and now seeing that it was being camped out on by a third party and I can't use this, I don't know how to buy my Wish Upon a Star bear. If they want to enforce the settlement agreement, aren't they bound by the releases too? Well, so that's what we're kind of hoping is that at least this court, even if it were to affirm, would say that the settlement agreement still is the settlement agreement. The way they're treating it in the other litigation, and again, I don't want to make this too much about that ancillary case, which is more about the effects to us from the agreement, but the way they're treating it is, and you can see this from that other litigation, which you can take notice of from the docket, they filed the same claims that should have been released, and the arguments there are that this settlement, because it was materially breached, we don't get to do that. Now, that litigation has stayed pending this court's decision. So even if you – Well, I mean, it seems to me they can't have it both ways, right? Like they can't both get the benefit of the contract and then ignore the release. We would love an issued opinion. The problem with getting the issued opinion is that to the extent that the district court's opinion is construed as some sort of injunctive relief, the district court doesn't meet the requirements of Rule 65. I mean, Rule 65 has very specific things that an order granting injunctive relief must contain. And in my reading, that two-, three-sentence order, that's not even a judgment. It's an order that we have to construe as a judgment, I suppose. I think that's a big issue in and of itself. It doesn't – it can't provide injunctive relief. It can't provide specific performance because under Rule 65, it's insufficient. So I don't – I mean, I think there's some serious appellate jurisdiction questions in this case. So, Your Honor, I would be happy to do a supplemental briefing on that if you would like. That has not been sort of the center of this. The parties kind of – and I understand the jurisdiction. You have to police that yourselves. But everyone sort of agreed that it was coming from what was, for all intents and purposes, a final judgment of the trial court with this order enforcing its own action. But, yeah, to your point, to what you started with. I guess I'm not sure what – from the order, I'm not sure what the district court expects the parties to do. I mean – and to some extent, I think. I'm not putting all the blame on the district court because the parties asked him to enter a final judgment. And so the – and the district court obliged. But the – it's not clear to me what exactly the parties' obligations are or not under the final order. The parties call it final judgment in this case. And so then I'm just left here saying, what's on appeal? I'm not sure I understand. Well, so within that order. I mean, other than the notion of whether or not it breaches material. But, you know, we just can't take – and that sounds like an interlocutory appeal then. If there's more to do in a district court. You can't just, like, pick one issue from an order, have a district court, you know, enter an order with language that the civil action is terminated and then just say, ah, there's jurisdiction. It just doesn't work that way. So there is no – there's nothing pending in the district court right now. The case is closed, which is why there's secondary litigation before a different district judge. You know, if that case was pending, it might even be a follow-on or, you know – but that case is – it is closed. Well, let me ask you this. In your understanding of district court's order, has the district court ordered you to obtain and transfer that particular URL? No. My guess is that the other side would disagree. I mean, I think as a matter of impossibility, the court realized it couldn't, which is why it ordered the fees payments and then – but still referred to it as a material breach. But, you know, the court doesn't say that. We don't have any analysis of possibility, impossibility, nothing. And I take you to be arguing this morning – no, I'm sorry – that maybe the court kind of just breezed past it but understood it was impossible and then therefore went straight to the rubloff factors. But we don't have that. I mean, the plaintiff in the motion asked the court to order defendant to immediately transfer all the remaining items. And so the court said, motion granted, right? I can see how the other side might think, well, the court is ordering the defendant to transfer the URL. I understand your position that that's not possible, or at least – I mean, it may be possible. I mean, you might be – I'm sure if you offered the current owner $5 million, it would be possible. But it's not practically possible. And no one is even sure what exactly the district court ordered. So why shouldn't we just remand this to district court and have the district court explain to us what exactly district court wants the parties to do? So I take your Honor's question very seriously. I understand that, again, this is a very terse record. The order is not a full written opinion like your Honors are probably used to. I think that as we've analyzed this under de novo review, there's no way to find this breach to be material under Illinois law, which is why it doesn't matter, that it shouldn't matter, that we've cured it, and the court can decide as a matter of law that that's fine. But I do take your point that if your Honors think that there was not enough work here, I would be hard-pressed to tell you that it's the clearest order I've ever read or that the record is the best record I've ever seen on appeal. Again, it was – this is part of the problem here is that we were kind of dealing in the dark a little bit. And I've only been involved in the appeal, so I wasn't even involved in the negotiations before the magistrate. But this is sort of the problem we have is that we are now living in a post-order world where we have no benefit. We paid $140,000 for nothing. And that's sort of where we stand. Thank you, Your Honors. Thank you, Mr. Dutton. All right, Mr. Hurst, we welcome you to the podium. May it please the Court. Mr. Hurst, nothing like stepping up to a hot bench, huh? Yes, that was impressive. In your mind, did the district court order the defendant to provide you with a specific URL? You know, when we take a look at the order – It's a yes or no question. No, I believe it just ordered attorneys fees and costs pursuant to the motion. So there's no injunctive aspect, as you see it, from the district court's quote-unquote final judgment? Not that I can see it, Judge. And because of the representations made by Dandy, it appears that they investigated it, and it was lost to a third party. I just don't think it's possible to perform, whether it's under the settlement agreement or if the judge had ordered specific performance of the website. They're just going to be violating the order anyways, so it's just – So is the settlement agreement still good? Yes, Judge. The settlement agreement is still good. You know, there was discussion about the forfeiture aspect that Dandy has gone about. Now, when we did the settlement – Hold on. I guess to be more direct, do the releases in the settlement, are they still valid? Because if the settlement's still good, then the releases are still valid, right? Yes, Judge. That's an interesting question. So I do believe the releases are still good. But, however, pursuant to paragraph 5 of the settlement agreement, the performance of the settlement amounts, which included both the $140,000 and all the IP, was conditioned on that actually being delivered. So, you know, since that condition wasn't met and the delivery had to occur, the release wouldn't technically apply. But I think that's kind of getting confused to actually what was released. What was released in this case was the prior litigation claims. That's explicit in the settlement agreement, you know, up to the effective date. It's not a release forever in perpetuity. And what we're filing – And so that means that when there's a breach of the IP assets that were supposed to be transferred to ISR, I don't think that's covered under a release regardless of whether we think the precondition is met. So that's why you're in Judge Alonzo's courtroom. Yes, Judge. Because it's a new breach of this settlement agreement. Yes. So why isn't that the proper courtroom for all this question about material breach? I understand the timeline. There was the motion to enforce before Judge Valderrama first. Okay. Then, if I'm not mistaken, his order, then the filing of the new breach case before Judge Alonzo. Yes. And I think you're right to go back to procedure of what happened. We were operating under the assumption that Dandy, you know, from the settlement agreement up until filing the motion to enforce, we were under the assumption from the representations both in the agreement and the settlement conference that they actually had possession of the website, the domain, and they were actually able to transfer it. We actually didn't learn that the domain was actually lost to a third party until a week after the motion to enforce was actually filed. So right now, the whole purpose of the motion to enforce was, hey, you know, within 30 days, all the IP assets were supposed to be transferred. We only got one PDF before that time. And so we wanted to light a little fire under Dandy. So it had nothing to do with S versus no S at that point. Not at all. We just thought that this would accomplish what we needed because they're a little bit slow. And actually what had happened is when the motion was filed, we received a plethora of other documents, you know, website, pictures, how it was set up, the tags. We also received the assignment for the trademark. Well, let me ask you the same questions I asked Mr. Dutton then. Then at the point that you find out from Dandy that they can't deliver this website, you're pending in front of Judge Valderrama on this motion to enforce. Why did nobody raise this issue of possibility such that Judge Valderrama would make some sort of findings about that? I'm sorry. I'm not sure what you mean. We don't see, I don't see any findings by the district court about whether Dandy really couldn't supply this thing or not, whether they could perform the settlement agreement or not.  I just don't see anything about that. Right. You know, there was a report of recommendation that Magistrate Holdholding filed. And in there, I believe it does contain the issues that Dandy had. Now, unfortunately, I don't see the entire, you know, he states that he adopts the report. He states that it's well-reasoned but doesn't actually lay out, you know, what then is ordered. And I think what had happened was, you know, our whole goal, again, was the transfer of the IP assets. Then when we learned that that wasn't possible, you know, we decided that this was a completely new action because it's a breach of the settlement agreement. And there had also been new claims that were developed. Why didn't you dismiss the motion to enforce then? I'm sorry? Why didn't you cancel the motion to enforce once you decided it was a new action? Well, pursuant to the settlement agreement, when there's some issue that arises from the settlement agreement, we are entitled to attorney's fees and costs. You know, we took the time. There was a lot of communications with, you know, Magistrate Holdholding. What's the subject matter jurisdiction, though, for that, for the dispute between the two parties here and the breach of the settlement agreement? Right. You know, it's – I don't know if I agree that this is maybe an appealable issue, that the way that Dandy is framing it. There was no final judgment entered in the case. And, in fact, I believe on Record 73 there was a letter that was sent to Valderrama requesting – Judge Valderrama? Yeah, Judge Valderrama, requesting that a final judgment be entered. But he didn't think that was necessary. He thought it would be better. So I think you're going down appellate jurisdiction. What's the subject matter jurisdiction? I mean, the difficulty in this case is that typically what you would see after settlement is you would see a termination order, right, a.k.a. a motion to dismiss or something, and then you would have this tag-along case on enforcement. Here, there wasn't an order terminating the case at the end of the settlement, right? Right. And so the case just kind of went on, I suppose. Yeah, I believe it somewhat lingered. But because of, you know, the timeline that we had with the settlement agreement, it was still – well, the referral was closed, I believe, to Kohler-Potling. We did have some other matters that were kind of floating around. For instance, there was a briefing on a motion to dismiss. I don't think he officially declared it moot until after all the motion to enforce was litigated out. And so I think ultimately what happened was he did kind of a cleanup order at the end, saying, you know, these orders are moot, the case dismissed, and we grant the motion to enforce and awarded the $6,500. So you have no – your client has no intentions of going back to Judge Valderrama asking for any additional damages or anything else? I think that can all be requested in the new lawsuit. So the answer is no, right? No. Before it's Judge Valderrama. Okay. And so now what you're telling us is in the new lawsuit, are you alleging a breach of this settlement agreement? Yes, that's an explicit claim. It's a breach of the settlement agreement. You know, there was a breach in terms of the timeline, the 30 days. There's also a breach in regards to the exact domain that we requested. And what had happened is since time had passed, you know, my client was operating under the assumption that the representations regarding what would be transferred and when it would be transferred would be made. So my client began to – So would – if we affirm on the material breach issue or if we reverse on the material breach issue, is that raised judicata on the case before Judge Alonzo with regard to whether or not the settlement agreement has been breached or whether or not it's still valid? I wonder about that because there isn't really a lot of – there isn't an opinion regarding what exactly, you know, the materiality was. But I do believe that Hula Potling, since she was intimately involved, you know, she noted that, one, the parties made an agreement as to what was the material terms. The parties sat down during that day. She contemporaneously recorded what the parties agreed to as to what would be the material terms. Then after we went into briefing, you know, there was briefing that was done, objections to the report and recommendation. And in those, you know, in those filings, it was addressed, I believe, by Dan D as to whether it was material or not. But I don't think they ever addressed the fact that, hey, in the beginning here, we all sat down with counsel, with the magistrate, and we all agreed specifically as to what the material terms were. Counsel, have you thought about the fact that if we affirm, there's a possibility that you would be foreclosed under race judicata for bringing any additional claims of known breaches at the time you prosecuted this motion? I certainly think that's something that Dan D can raise in the new lawsuit. I don't think they're foreclosed for raising, and I think they will do so. I think that's something that's going to be addressed, you know, before Judge Alonzo, and I think that's something that he's going to have to determine. And that's one of the reasons why he kept the case stayed as well, because he didn't know exactly what was being determined, but he wanted to kind of leave it open for the appellate court to make the decision before he opened up the case again. I thought Judge Alonzo heard argument on the motion to stay but didn't decide the motion to stay yet. You're saying he did decide the motion to stay. He just hasn't decided the substantive motion. Right. It's currently under advisement before Judge Alonzo. Only the substantive motion, not the motion to stay. The stay has been granted. The stay is currently in place right now, yes. So, you know, I think it turns on, you know, what happens here today, if it's affirmed, I don't think it has to be remanded back for any other proceedings. I think we're able to move forward here. You know, it's undisputed that the asset was not transferred, and we were awarded $6,500 in the fees. We're asking that the appellate court affirm the ruling of the lower court. Thank you. Okay, thank you. Mr. Dutton, we'll have you back up for a minute. Thank you, Your Honors. So it was a little unclear there about the releases, if they think they're enforceable or not, because I think at first counsel said, yeah, I think they're in place, but, you know, we're litigating this stuff. There are these claims from before the settlement that are in the other lawsuit. So, you know, I don't know. I'd love to take that as a representation on our behalf, but it's at least a little bit arguing both sides of the point, which is our problem. Again, that, you know, as for the jurisdictional issue, this was a case that was removed to district court for diversity jurisdiction through sort of the court's inherent authority to, you know, negotiate these things. The parties came to negotiate, tried to settle, and then settled claims that were properly before the court in diversity, and then there was a subsequent enforcement action of the court's settlement order, the settlement agreement between the parties with an order enforcing that. I think that's relatively straightforward for federal jurisdiction. I mean, there wasn't any time where the claims transformed and no longer had their diversity. So I think that we're okay there. But, again, I would welcome the opportunity to brief that if Your Honors think that that is the case. Do you think, Mr. Dunn, that if we affirm or if you dismiss the appeal and pay them $6,500, that you might have an argument about collateral estoppel in the action before Judge Alonzo? I think that's possible. Again, I haven't—as an appellate attorney, I hesitate to answer questions I haven't thought about deeply, but I think so. I think that the settlement has its own release and preclusive effect as far as res judicata either way. I think that this court coming down with sort of a final decision gives us finality one way or the other. That said, we still have a judgment that we think is improper. We did everything in our power to fix what was a deeply unfortunate—this is almost like a law school contract exam mutual mistake of fact. We thought we had wishuponastargift.com. We didn't have it, and we gave them what is the commercially identical replacement and then an extra chunk of money to fix any problems that might have been caused by our mistake. And our position is that doing all of that in good faith, going through factors one through five of Rublev, as we do in the brief—I don't need to belabor it. Your Honors have read it. But to us under Illinois law, that's just not a material breach such that the court needed to enforce anything, whether he could have or not, and possibility beside the fact. And that's our position, if Your Honors don't have any other questions. All right. Well, thank you. Thank you very much. Thank you. Thanks to the parties. We will take this case under advisement.